IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ADHAM OBEID**,

*Plaintiff*,

v.

**ANDREA J. TOMASZEWICZ**, *Deputy Chief of Mission, U.S. Embassy in Djibouti*; **ANTONY BLINKEN**, *Secretary of the U.S. Department of State*,

*Defendants*.

CAUSE NO. 3:23-CV-505-CWR-ASH

## ORDER

Before the Court is the defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Docket No. 6. On review, the motion will be granted for failure to state a claim.

**I.    Factual and Procedural History**

Adham Obeid is a U.S. citizen who lives in Mississippi. In April 2021, he filed I-130 petitions with U.S. Citizenship and Immigration Services seeking green cards for his wife and twin daughters. The petitions were approved in April 2022. The applications were then transferred to the U.S. Department of State for further processing.

In January 2023, a consular official at the U.S. Embassy in Djibouti interviewed Mr. Obeid's wife and children. His family's applications were then placed in "administrative processing." This is called a "§ 221(g) refusal." *See* 8 U.S.C. § 1201(g). Mr. Obeid received no meaningful update on the status of their applications.

Frustrated, Mr. Obeid filed this action in this Court in August 2023. He claims that State Department officials have unreasonably delayed his relatives' applications in violation of the Administrative Procedure Act (APA) and the Due Process Clause of the Constitution. Mr. Obeid seeks an Order or writ of mandamus forcing the State Department officials to process the applications immediately.

The defendants moved to dismiss. As to the law, they argue that "[t]he doctrine of consular non-reviewability bars judicial review of Plaintiff's claims," and "Plaintiff has no constitutional right to have his noncitizen family members live with him in the United States." Docket No. 7 at 1. On the facts, they contend that Mr. Obeid's daughters have not yet provided acceptable evidence of their age, rendering the delay reasonable.

Specifically, the defendants say that consular officials at the Embassy rejected the evidence Mr. Obeid's family offered at the January 2023 interview, received additional documentation from Mr. Obeid's family the next month, and rejected that as fraudulent in July 2023. Mr. Obeid's family provided more documentation in August 2023 that was considered in September 2023. As of the filing of the defendants' motion in November 2023, however, no final decision had been made. Given these facts, the defendants maintain that there has been no unreasonable delay.

Mr. Obeid disagrees. "The hardship caused by the delay is significant," he says, "and there is little to no evidence that Mrs. Ob[e]id, Maram, and Gharam would be skipping in line, if there even is such a line in the first place." Docket No. 8 at 16. He argues that Congress gave the Executive Branch 180 days to make these determinations, then contends that the delay (which he calculates as 31 months, as of the filing of his response brief) is more than enough to warrant relief. *Id.* at 16-17.

The Court issued a short Order deferring ruling pending a hearing. Docket No. 11. That hearing was conducted in February 2024. The parties then provided the Court with periodic status updates on the processing of Mr. Obeid's relatives' applications. The last update—an email to the Court from defense counsel on August 14, 2024—recites that Mr. Obeid's wife's application was refused, such that the parties agree that Mr. Obeid's claims as to her are moot. As for Mr. Obeid's twin daughters, the government has apparently given Mr. Obeid until April 10, 2025 to provide adequate proof of their ages. As of now, their applications are still refused under § 221(g).

## II.     Legal Standards

The defendants' motion invokes Rules 12(b)(1) and 12(b)(6). Both legal standards follow.

### A.     Lack of Subject Matter Jurisdiction

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . .
>
> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

### B.     Failure to State a Claim

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and

plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

### III. Discussion

"[C]laims alleging unreasonable delay while a [visa application] remains suspended in 'administrative processing' are not barred by the doctrine of consular nonreviewability." *Ghadami v. United States Dep't of Homeland Sec.*, No. CV 19-397 (ABJ), 2020 WL 1308376, at *5 (D.D.C. Mar. 19, 2020) (citation omitted). Here, it is undisputed that Mr. Obeid's daughters' applications remain suspended in administrative processing. *E.g.*, Docket No. 6-1 at 2 (observing that these applicants "have not *yet* provided sufficient and reliable evidence") (emphasis added). No final decision has been rendered. As such, this Court has subject matter jurisdiction as to their claims.

The APA directs reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Here, both parties agree (either expressly or via the cases they advance) that courts in APA "unreasonable delay" cases should consider a variety of factors. *See Ghadami*, 2020 WL 1308376, at *7. They include:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable

4

> when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecommunications Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) (quotation marks and citations omitted).

The Court credits in full Mr. Obeid's allegations describing the personal toll and financial cost the government's delay is causing him and his loved ones. These cases present sympathetic situations when, like here, a parent is separated from their children and "the delay has imposed severe hardships on plaintiff[.]" *Ghadami*, 2020 WL 1308376, at *9. His "interest in receiving a decision is undeniably significant." *Id.* As a result, the third and fifth factors favor him. *Id.*

The remaining *TRAC* factors, however, indicate that the government has not unreasonably delayed the adjudication of Mr. Obeid's daughters' applications. There is no rule requiring the government to render these decisions within 180 days; that is only "an aspirational goal." *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023). As for the delay, while it would be one thing if the government had failed to consider the applications over the last two years, *see Ghadami*, 2020 WL 1308376, at *8, the record indicates that it has considered the proffered evidence several times, only to reject it. Its conduct falls within the rule of reason.

The government has not been satisfied with the evidence of Mr. Obeid's daughters' age. The Court does not know what the purported deficiency is, much less the plausibility of the government's explanation for the continued refusal. The Court also does not know how

persons in Mr. Obeid's situation are expected to prove the age of their children. But since the government has given him additional time to gather that proof, an order or writ directing it to render a decision *immediately* would almost certainly result in denial, contrary to his ultimate goals. Ultimately, given the back-and-forth reflecting engagement with the applications, these *TRAC* factors do not support relief.

The last *TRAC* factor relevant here is the fourth. The case law recognizes that relief is disfavored where, as here, a judicial Order or writ would put the plaintiff at the front of the line at the expense of everyone else awaiting a decision, ultimately "producing no net gain." *Id.* at *9 (quotation marks and citation omitted).

The result is that the Court does not find an unreasonable delay warranting immediate relief under the APA.

Because mandamus requires an even greater showing by Mr. Obeid, that relief must be denied. *See Cheney v. United States Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). And because he has not responded to the defendants' arguments seeking dismissal of his Constitutional claim, he has abandoned it. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). The result is that the case will be dismissed "without prejudice to renewal." *Li*, 2023 WL 3431237, at *1.

## IV. Conclusion

The motion is granted. A separate Final Judgment shall issue.

**SO ORDERED**, this the 22nd day of August, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
